```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                                                              :
            -v-                                               :    19-CR-757-2 (JMF)
                                                              :
JOSEPH GALDIERI, JR.,                                         :        ORDER
                                                              :
                    Defendant.                                :
                                                              :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

The Government in this case argues that Defendant's prior conviction for criminal possession of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.16(1), qualifies as a "controlled substance offense" pursuant to U.S.S.G. § 4B1.2(b) because the state law matches its federal counterpart — even though federal law explicitly excludes naloxegol from the definition of controlled substances, but New York law does not. *See* ECF No. 17.  The Government has taken the same position before the Second Circuit in at least one pending appeal from this District.  *See* Brief for the United States of America, *United States v. Johnson*, No. 19-4071, ECF No. 61 (2d Cir.), at 32, 44 (New York law "does not, on its face, include naloxegol . . . as [a] 'narcotic drug[]'" and, accordingly, "New York State law is not categorically broader than the CSA." (emphasis omitted)).

Significantly, however, it has come to the Court's attention that the Government has taken what appears to be a contrary position in a pending appeal from another New York District.  *See* Brief for the United States of America, *United States v. Gibson*, No. 20-3049, ECF No. 27 (2d Cir.), at 6 n.2 ("While the state and federal drug schedules aligned in 2002, a 2015 amendment to the Controlled Substances Act ("CSA") removed naloxegol as a federally

controlled substance, rendering New York State Penal Law § 110/220.39-1 broader than its federal counterpart.").

Counsel for the Government shall be prepared to address this apparent inconsistency at sentencing on September 10, 2021. Given the obvious interest in having the Department of Justice speak in one voice on this recurring issue, counsel for the Government is urged, in advance of sentencing, to confer with the Chief of Appeals for the Criminal Division of the United States Attorney's Office and, if appropriate, with relevant officials in Main Justice (presumably in either or both the Criminal Division and the Office of the Solicitor General).

SO ORDERED.

Dated: September 3, 2021
New York, New York

JESSE M. FURMAN
United States District Judge