UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA,             :
                                                                :         19-CR-757-2 (JMF)
                      -v-                                    :
                                                                :            MEMORANDUM
JOSEPH GALDIERI, JR.,                  :       OPINION AND ORDER
                                                                :
                      Defendant.              :
                                                                 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Defendant Joseph Galdieri, Jr., was convicted, following a guilty plea, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 10, 2021, the Court sentenced Galdieri principally to 18 months' imprisonment. *See* ECF No. 134. In doing so, the Court varied significantly from the Guidelines range of 37 to 46 months' imprisonment, citing, among other mitigating factors, Galdieri's severe allergies to certain foods, the COVID-19 pandemic, the time Galdieri had previously served on home incarceration, and Galdieri's family support. *See* ECF No. 143 ("Sent. Tr."), at 31, 60-61. Galdieri now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release. *See* ECF No. 148 ("Def.'s Mem."). Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" *and* that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1]

---

[1]     Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Galdieri has satisfied. *See* Def.'s Mem. 4; ECF No. 150 ("Gov't Mem."), at 5 n.1.

Upon review of the parties' motion papers, Galdieri's motion is denied. Galdieri cites as "extraordinary and compelling reasons" warranting a reduction of his sentence the conditions of confinement due to COVID-19, the alleged failure of the Bureau of Prisons ("BOP") to address his medical needs and allergies, his work as a "companion" to sick and elderly inmates, and the BOP's failure to give him the correct amount of good-time credit. *See* Def.'s Mem. 8-17. But it is doubtful that these reasons, individually or together, rise to the level of "extraordinary and compelling reasons" within the meaning of the statute. First, the conditions of confinement due to COVID-19 are far better than they were in 2020 or even 2021 and, in any event, were a factor that the Court expressly considered in granting Galdieri a variance. *See* Sent. Tr. 61. Second, many of Galdieri's claims about the BOP's treatment of his allergies and medical needs are belied by his medical records, which were submitted by the Government as part of its opposition (and will be kept under seal). Moreover, the Court considered this information too in imposing a sentence well below the Guidelines range. *See* Sent. Tr. 60.[2] Third, Galdieri's volunteer work is commendable, but — in both nature and duration — not so "extraordinary" or "compelling" as to warrant a lower sentence. And finally, to the extent that the BOP has not properly calculated Galdieri's good-time credits, he has other remedies (that almost certainly must be sought in the District of his confinement, not here). *See, e.g.*, *United States v. Diaz*, No. 19-CR-65 (JMF), 2021 WL 2018217, at *2 (S.D.N.Y. May 20, 2021); *Tribble v. Killian*, 632 F. Supp. 2d 358, 360-62 (S.D.N.Y. 2009).

Ultimately, however, the Court need not and does not decide whether there are "extraordinary and compelling reasons" warranting a sentence reduction because the Court

---

[2] Additionally, "to the extent that [the defendant] takes issue with the quality or timeliness of the medical care he is receiving, he has an alternative remedy that is more appropriate than shortening his well-deserved sentence: a civil suit in the district of confinement under 28 U.S.C. § 2241." Memorandum Opinion and Order, *United States v. Zarzar*, 18-CR-177 (JMF), ECF No. 60, at 2 (S.D.N.Y. Nov. 30, 2020).

concludes that, even if there were, a reduction would not be "consistent with" the Section 3553(a) factors.  *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted)) (citing cases).  The Court carefully considered the Section 3553(a) factors at sentencing and concluded that they called for the sentence that was imposed.  As the Court explained then, such a sentence was appropriate given, among other things, Galdieri's criminal history, which included one felony and four misdemeanor convictions in New York and New Jersey, all of which were tied to drug trafficking; the fact that (as he stipulated) he possessed the firearm at issue in connection with another offense, namely drug trafficking; and, perhaps most notably, the fact that he persisted in criminal conduct even while on pretrial release.  *See* Sent. Tr. 57-60.  These considerations apply with the same force today as they did at sentencing nine months ago and amply justify the sentence of 18 months' imprisonment and two years' supervised release that the Court imposed.  Accordingly, Galdieri's motion is DENIED.

    The Clerk of Court is directed to terminate ECF No. 148.

    SO ORDERED.

Dated: June 13, 2022  
       New York, New York

_____  
JESSE M. FURMAN  
United States District Judge